IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:12-CV-45-F

| | |
|---|---|
| LOLA BEATRICE MIMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS E. SMITH and )<br>WIL HARDY, )<br>)<br>Defendants. ) | **ORDER and**<br>**MEMORANDUM AND**<br>**RECOMMENDATION** |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Lola Beatrice Mims ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

Plaintiff's complaint consists of a 4-page form ("Compl. Form" (D.E. 1-1 at 1-4)), which is accompanied by 24 pages of exhibits ("Compl. Exs." (D.E. 1-1 at 5-28[1])). Plaintiff names as defendants Wil Hardy, her insurance agent in Kinston, North Carolina, and Thomas E. Smith, an employee of Mr. Hardy's agency. (Compl. Form 1; Compl. Exs., pp. 10, 17). She alleges that she submitted to defendants a U.S. Postal Service ("USPS") money order in the amount of

---

[1] Because plaintiff has not labeled the exhibits, the court will refer to exhibits by the page number assigned by the CM/ECF electronic filing system.

$84.01 in payment of an insurance premium; the USPS subsequently issued a replacement check to plaintiff for the money order, but inadvertently mailed it to defendants instead of to plaintiff; and defendants cashed both the original money order and the replacement check. (Compl. Form 2-3). Because of the double payment on the money order, the USPS billed plaintiff for the additional amount. (*Id*. 2). When plaintiff then demanded that defendants return the replacement check to her for her to return to the USPS, they told her that they could not return the replacement check, but could refund the money to her. (*Id*.). Plaintiff has not stated specifically what legal claims she intends to raise by her complaint, but in the "Nature of Suit" section of the civil cover sheet (D.E. 1-3), she marked the "Contract - Insurance" and "Tort - Other Fraud" categories. Plaintiff seeks relief in the form of damages for pain and suffering and for harassment causing her to change insurance companies, and seven months' penalties and interest on the replacement check defendants refused to return to her. (Compl. Form 3). Plaintiff has not set forth a basis for this court's jurisdiction over the action. In fact, the space on the complaint form labeled with the prompt "Jurisdiction in this court is based on:" was left blank. (*Id*. 2).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id*. at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure");

3

*Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction, which requires that the citizenship of the plaintiffs be different from that of the defendants. *Id.* § 1332; s*ee Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### B. Lack of Subject Matter Jurisdiction

After a thorough review of the complaint, the court concludes that the allegations therein fail to support the court's subject matter jurisdiction. Specifically, the court finds that the complaint fails to demonstrate that the court has federal question jurisdiction, diversity jurisdiction, or subject matter jurisdiction over this case on some other grounds.

As to federal question jurisdiction, the plaintiff identifies no federal statute or other provision of federal law establishing any right of action of the type she appears to be asserting. The court has considered whether the complaint otherwise alleges claims that arise under the Constitution, laws, or treaties of the United States and finds that it does not. At most, the complaint can be read to allege only state law tort or contract claims relating to plaintiff's receipt of insurance services from defendants.

With respect to diversity jurisdiction, the complaint alleges that both plaintiff and defendants reside in North Carolina. (Compl. 1). The complaint therefore fails to satisfy the requirement for diversity jurisdiction that no plaintiff be a citizen of the same state as any defendant. *See, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998); *see also Eastport Ventures, Ltd. v. Kariman*, No. 1:06CV1177, 2007 WL 783028, at *4 (E.D. Va. 13 March 2007) (a party is deemed a citizen of the state in which he is domiciled).

The court has considered whether other bases for jurisdiction exist and finds that there are none. The complaint therefore fails to establish that this court has subject matter jurisdiction over this case, and it should be dismissed.[2]

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 18 March 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except

---

[2] Given the recommendation that the case be dismissed on jurisdictional grounds, the court declines to address whether the claims purportedly asserted in the complaint are frivolous in nature.

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 4th day of March 2013.

_____
James E. Gates
United States Magistrate Judge